AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Michael Jacob SANCHEZ | ) | Case No. 4-11-70431 |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 18, 2011__ in the county of __Contra Costa__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine. |

This criminal complaint is based on these facts:

See attached AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

☑ Continued on the attached sheet.

APPROVED AS TO FORM:

_____
AUSA JAMES C. MANN

_____
*Complainant's signature*

FBI Special Agent Patrick Joseph Ernst
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/18/11

_____
*Judge's signature*

City and state: San Francisco, California

Laurel Beeler, U.S. Magistrate Judge
*Printed name and title*

Document No.
District Court
Criminal Case Processing

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Patrick Joseph Ernst, Special Agent of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

## I. INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the San Francisco Division and have been so employed since August 15, 2010. As a federal agent, I am authorized to investigate violations of the laws of the United States and I am a law enforcement officer with authority to execute warrants issued under the authority of the United States. My FBI Special Agent training consisted of a twenty-one week new agent training class during which I received instruction on various aspects of federal crime. Prior to becoming an FBI Special Agent, I was a Special Agent for the Internal Revenue Service–Criminal Investigation (IRS–CI) for approximately five years. As a Special Agent for IRS–CI, I trained at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia for twenty-four weeks. Training at FLETC consisted of instruction on legal principles and a variety of federal criminal violations, including money laundering, tax evasion, and other tax-related crimes. I have conducted criminal investigations involving investment fraud, money laundering, tax evasion and other financial crimes, as well as violations of the Bank Secrecy Act. I have also participated in the planning and execution of numerous federal search, seizure, and arrest warrants involving the above violations.

2. During the course of this investigation, I have consulted with Special Agent Gregory M. Eckhart. SA Eckhart has been an FBI Special Agent since August 2003. He is currently assigned to the San Francisco Field Division of the FBI, and investigates cases involving gangs, drug trafficking, and violent fugitives. He has received training at the FBI Academy in Quantico, Virginia, including training on violent street gangs, criminal case management, informant development, Title III investigations and the identification, use, packaging and sales of controlled substances. SA Eckhart also attended numerous training schools and seminars related to gangs, violent crime, and narcotics investigations, including many that provided instruction on drug-trafficking methods, money laundering methods, and

techniques for investigating those crimes. SA Eckhart has participated in the execution of numerous state and federal search warrants and arrests involving alleged narcotics trafficking, and he has participated in numerous investigations of narcotics traffickers and violent street gangs. These investigations have involved the use of confidential informants, wire and physical surveillance, telephone toll analysis, investigative interviews and the service of search and arrest warrants.

3. SA Eckhart has interviewed numerous drug dealers, drug users, and knowledgeable confidential informants about the lifestyles, appearances, and habits of drug dealers and users. He is familiar with the manner in which narcotics traffickers smuggle, package, transport, store and distribute narcotics, as well as how they collect and launder drug proceeds. He has had discussions with other law enforcement personnel about the packaging and preparation of narcotics, the distribution methods of illegal narcotics traffickers, and the security measures that narcotics traffickers often employ. SA Eckhart has also examined documentation of various methods by which methamphetamine, cocaine, marijuana, and other illicit drugs are smuggled, transported and distributed. He has participated in surveillance of narcotics traffickers. During surveillance, SA Eckhart has observed narcotics transactions, counter-surveillance techniques, and the ways in which narcotics traffickers conduct clandestine meetings. He has also participated in investigations that involved the interception of wire communications, and he has been directly involved in the review and deciphering of intercepted coded-conversations between narcotics traffickers that were later corroborated by surveillance or by defendants' statements.

4. SA Eckhart is one of the case agents participating in the investigation of Joseph Solice ABBATE, aka Sherman Joseph Fisher, aka "Butch," aka "Mac Dre," aka "Andre Hicks" (ABBATE); Ramon RUBIO, aka "Primo" (RUBIO); and others, for narcotics trafficking and firearms-related offenses.

II. **PURPOSE OF THIS AFFIDAVIT**

5. This affidavit is being submitted in support of a criminal complaint and arrest warrant charging Michael Jacob SANCHEZ with possession with the intent to distribute

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1).

6. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about January 18, 2011, Michael Jacob SANCHEZ knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and knowledge of this investigation.

7. In this affidavit I describe wire and electronic communications that have been intercepted pursuant to the interception orders in this investigation. In doing so, I have summarized portions of some, but not all, of the intercepted conversations. My summaries of these conversations are based on my personal review of recordings of the intercepted conversations, my training, experience, and knowledge of this investigation, notes of monitoring personnel and/or reviewers which were taken while the recorded conversations were occurring or at the time the conversations were reviewed, and/or other law enforcement personnel as to the meaning of vague or coded language and certain words and phrases. My summaries of the conversations are overviews and are not intended as verbatim transcripts. Even so, I have included in quotation marks my best attempt to provide a draft transcript of some of the speakers' words during the conversations. In some instances, I have only set forth the pertinent parts of sentences and I have used ellipses in some sentences instead of words or phrases that are unnecessary, profane, or repetitive. Subsequent review of the recorded conversations and the preparation of verbatim transcripts may show changes from the summaries provided herein. In addition, I know, based on my training, experience, and knowledge of this investigation (as well as the training, experience, and knowledge of other Agents with whom I have spoken) that criminal street gang members/associates and narcotics traffickers frequently use slang or coded or intentionally vague language when discussing illegal activity, particularly narcotics trafficking

or firearms use and/or possession. When a word or phrase used by a speaker constitutes slang or coded or intentionally vague language (or whose meaning would not be obvious to a layperson) I have provided my interpretation of those words and/or phrases in parentheses. My interpretations are based on my knowledge of and participation in this investigation and my discussions with SA Eckhart and with other experienced law enforcement personnel. My interpretations, however, may change as additional information is learned through the course of the investigation. The actual names of callers have been used where agents believe they have tentatively determined the identities of the callers, or where their voices are recognized by the monitoring personnel or reviewers. Finally, once I have identified the telephone number used by a given person in an intercepted conversation, I will not repeat that telephone number in my descriptions of subsequent intercepted conversations unless that person uses a telephone number different than the number he or she previously used. All times are approximate and all locations are in California unless otherwise noted.

### III. PROBABLE CAUSE

8. The wiretap portion of the investigation into the drug-trafficking activities of Joseph Solice ABBATE has been ongoing since September 2010. Over the course of the investigation, Agents have identified ABBATE and Michael Jacob SANCHEZ by comparing relevant surveillance observations with their respective DMV photographs. ABBATE and SANCHEZ were identified as the users of the below telephones through the interception of telephone calls made by each of them, and the surveillance conducted of the activities discussed during the intercepted telephone calls (i.e., ABBATE and/or SANCHEZ were seen in the locations or participating in the activities referenced in the preceding telephone calls).

9. On January 18, 2011, at 6:53 p.m., a call was intercepted between Michael Jacob SANCHEZ using (510) 691-4818 (subscriber unknown at this time) and Joseph ABBATE using (510) 860-8197 (Session 657). During the call, ABBATE asked: "Do you . . . still need it?" SANCHEZ confirmed: "Yeah, yeah, I still need it, and . . . I'm probably gonna need another one cause somebody's gonna pick that one up immediately. I think . . . that's her on the other line." ABBATE stated: "Just let me know and then . . . I can bring you another one . . . if you need it."

The two then agreed to meet. In subsequent calls intercepted between SANCHEZ and ABBATE (Sessions 661-664), the two coordinated the meeting at or near the "KFC;" during the conversations, ABBATE stated that he was in the "Lexus."

10. At 7:12 p.m., Agents observed a Lexus bearing California License Plate 6NJX236 (registered to Sherman Fisher, 1227 Kilcrease Circle, El Sobrante, California) (the Lexus) parked in the parking lot of the "KFC." (Sherman Fisher is an alias known to be used by ABBATE). At 7:13 p.m., Agents observed SANCHEZ standing at the driver's door of the Lexus. After 20 seconds, SANCHEZ walked away from the Lexus and entered a grey Chevy bearing California License Plate 189R99 (registered to Michael Sanchez, 3087 Rollingwood Drive, San Pablo, California). Agents followed the grey Chevy to 3087 Rollingwood Drive, San Pablo and watched SANCHEZ walk toward the front of the residence.

11. Based upon intercepted communications between ABBATE and his other customers, as well as other intercepted communications between ABBATE and SANCHEZ (including the one on February 6, 2011 described below), I believe that these intercepted communications and surveillance observations evidence SANCHEZ' purchase of methamphetamine from ABBATE, and SANCHEZ' intent to resell the methamphetamine, as he stated that he planned to distribute or resell the methamphetamine to a female customer.

12. On February 6, 2011, at 10:23 a.m., a call was intercepted between SANCHEZ and ABBATE (Session 3323). During the conversation, SANCHEZ said: "I just need a quarter. But . . . when you bring it, . . . I'll give you that money and . . . the money I owe you." ABBATE responded: "Alright. That's cool." At 3:23 p.m., a call was intercepted between SANCHEZ and ABBATE using TT-3 (Session 3392). During the conversation, SANCHEZ stated: "I'm at the house." ABBATE said: "Alright . . . . I'll be there in a minute." At 3:34 p.m., Agents observed ABBATE park a green Monte Carlo bearing California License Plate 6NNC837 (registered to Edward Santos Espiritu, 277 Violet Road, Hercules) (the Monte Carlo) across the street from the 3087 Rollingwood Drive, San Pablo, exit the vehicle, and walk toward 3087 Rollingwood Drive, San Pablo. At 3:43 p.m., Agents observed ABBATE exit the front door of 3087 Rollingwood Drive, San Pablo, enter the Monte Carlo, and drive away. Based upon my training and

experience, and conversations I have had with other law enforcement officers and agents involved in the investigation of drug-traffickers, I believe that "quarter" is a common term for a quarter-ounce of narcotics. Thus, based upon these intercepted communications and surveillance observations, I believe SANCHEZ ordered a quarter-ounce of methamphetamine from ABBATE. I further believe that ABBATE delivered the methamphetamine to SANCHEZ' residence.

## IV. CONCLUSION

13. For the reasons stated above, I believe there is probable cause to believe that, on or about January 18, 2011, Michael Jacob SANCHEZ knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). I respectfully request that the Court issue the requested criminal complaint and arrest warrant.

Patrick Joseph Ernst
Special Agent, Federal Bureau of Investigation

Sworn to before me this
18th day of April 2011.

HONORABLE LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

—— OFFENSE CHARGED ——

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
APR 18 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

—— DEFENDANT - U.S. ——

▶ Michael Jacob SANCHEZ

DISTRICT COURT NUMBER
4-11-70431 MAG

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form        MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)        JAMES C. MANN, AUSA

—— DEFENDANT ——

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction    } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    } If "Yes" give date filed

DATE OF ARREST ▶        Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶        Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT        Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:        Before Judge:

Comments:

# ATTACHMENT TO PENALTY SHEET

21 U.S.C. § 841(a)(1), Possession With Intent To Distribute A Schedule II Controlled Substance (Methamphetamine).

*Depending upon the weight and/or purity of the methamphetamine and whether an 851 Information alleging prior felony narcotics conviction is filed:*

(1) Imprisonment:       Possible Maximum Life Imprisonment
                        Possible Mandatory Minimum 5, 10, or 20 Years Imprisonment
(2) Fine:               Possible Maximum $8,000,000
(3) Supervised Release: Possible Maximum Lifetime
                        Possible Mandatory Minimum 4, 5, 8, or 10-Years
(4) Special Assessment: $100.00